The document below is hereby signed.

Signed: January 22, 2019



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
NARAYANAN SWAMINATHAN,         )    Case No. 18-00390
                               )    (Chapter 7)
                Debtor.        )
                               )
_____)
                               )
VICTOR SANTORE, *et al.*,      )
                               )
                Plaintiffs,    )
                               )
        v.                     )
                               )
NARAYANAN SWAMINATHAN,         )    Adversary Proceeding No.
                               )    18-10025
                Defendant.     )
                               )    Not for Publication in
                               )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
GRANTING MOTION FOR DEFAULT JUDGMENT

The plaintiffs have filed a *Corrected Motion for Default
Judgment* ("*Motion*") (Dkt. No. 17) seeking a nondischargeable
judgment against the defendant in the amount of $581,450.22, plus
interest, costs, and attorney's fees, or in the alternative, that
the debtor be denied a discharge.  The court has already denied
the defendant a discharge in Adversary Proceeding 18-10024, but
because the debtor could seek to set aside that denial of

discharge, the court will proceed to address the plaintiffs' complaint seeking a judgment declaring the debts owed them to be nondischargeable and fixing the amounts owed.  Accordingly, the court proceeds to determine the appropriateness of granting the plaintiffs' *Motion*.  An *Entry of Default* was entered by the clerk on December 7, 2018, and the defendant has not filed a response to the *Motion*.  Taking the facts alleged in the complaint to be accurate, it is appropriate to grant a default judgment.  However, the *Motion* cannot be granted in its entirety.  The plaintiffs' demand for prejudgment interest at the rate of 5.25% may not be granted, and will be modified for the reasons set forth below.  Additionally, the plaintiffs have not shown a legal right to attorney's fees.

The plaintiffs seek prejudgment interest at the November 2018 prime rate of 5.25% calculated from June 19, 2016.  There is no federal statute that governs the rate that should be applied to prejudgment interest.  *Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 139 (2d Cir. 2000).  It is within the court's discretion to compute prejudgment interest.  *Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d 1111, 1139 (D.C. Cir. 1999).  However, the D.C. Circuit has held that the prime rate is not only an appropriate rate, but agrees with the Seventh Circuit which has held that the prime rate is the more appropriate rate.  *Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d

2

446, 450 (D.C. Cir. 1996).

There does not seem to be any requirement that the prime rate be variable or set.  Several courts have averaged the prime rate over the years from the date of the injury to the date of the judgment.  *See Berger*, 170 F.3d at 1139; *Cement Div., Nat. Gypsum Co. v. City of Milwaukee*, 31 F. 3d 581, 587 (7th Cir. 1994); *Matter of Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978*, 954 F. 2d 1279, 1332 (7th Cir. 1992).  The court in *Webster v. Harris Corp. (In re NETtel)*, 327 B.R. 8, 13-14 (Bankr. D.D.C. 2005), followed the proposal of the trustee calculating the prejudgment interest using the September prime rate of each year the proceeding had been pending with interest compounded on each anniversary.

The plaintiffs proposed a set rate using the prime rate from the month proceeding the filing of the *Motion*, November 2018, which was at 5.25%, with interest not compounded.  The court in *Amoco Cadiz* held that the court must use the rates in force during the case, not whatever rate prevails at the end of the case.  954 F.2d at 1333.  Accordingly, the court will not adopt a prejudgment rate of 5.25%.  However, the court will follow the plaintiff's proposal of using a set rate, rather than a variable rate, and will average the prime rate during the time the proceeding has been pending (June 2016 to January 2019).  The

3

average rate during that time was 4.45%.[1]  Therefore, the court
will award prejudgment interest at the rate of 4.45%.
Accordingly, each plaintiff will be awarded their claim, plus
prejudgment interest as follows:

- Victor Santore - Damages = $40,983.03

     Prejudgment interest = $4,731.74

     Total award of $45,714.77.

- Alexis and Mariela Humphreys - Damages = $81,963.04

     Prejudgment interest = $9,463.14

     Total award of $91,426.18.

- Mirza Abbas Raza - Damages = $40,983.03

     Prejudgment interest = $4,731.74

     Total award of $45,714.77.

- Vinay Kadam Sadashiv - Damages = $81,940.77

     Prejudgment interest = $9,460.57

     Total award of $91,401.34.

- Banmeet Saluja - Damages = $184,313.10

     Prejudgment interest = $21,280.09

     Total award of $205,593.19.

- Harish Singh - Damages = $40,983.03

     Prejudgment interest = $4,731.74

---

[1]  This was arrived at by adding the monthly prime rates
from June 2016 through January 2019, obtained from the Federal
Reserve Data Download Program (available at
https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15),
equaling 138.15, and dividing that by the number of months, 31,
arriving at 4.45.

Total award of $45,714.77.

- Manjit Singh - Damages = $40,983.03

Prejudgment interest = $4,731.74

Total award of $45,714.77.

The plaintiffs also seek attorney's fees, but they have not provided any legal basis entitling them to attorney's fees. Accordingly, the request for attorney's fees will be denied.

It is thus

ORDERED that the *Corrected Motion for Default Judgment* (Dkt. No. 17) is GRANTED IN PART.  It is further

ORDERED that a monetary judgment will follow awarding the plaintiffs monetary judgments in the amounts set forth above according to their claims.  It is further

ORDERED that a separate judgment will follow declaring as to each plaintiff that the debt owed the plaintiff is nondischargeable.  It is further

ORDERED that the plaintiffs' request for attorney's fees is DENIED.

[Signed and dated above.]

Copies to: Defendant (by hand-mailing); recipients of e-notifications of orders.